**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cr-00554-SEP |
| | ) |
| DEMARCO BROOKS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Defendant's Motion to Suppress Evidence, Doc. [31], Supplemental Motion to Suppress Evidence, Doc. [52], and Objections to Report and Recommendation, Doc. [57]. The motions pertain to evidence seized by law enforcement in a warrantless search of a vehicle operated by Defendant following an attempted traffic stop that turned into a high-speed pursuit. The Government opposes the motions. Docs. [36], [55]. Pursuant to 28 U.S.C. § 636(b) and Local Rule 2.08, all pretrial matters were referred to United States Magistrate Judge Joseph S. Dueker. Doc. [6]. After an evidentiary hearing and briefing, Judge Dueker issued a Report and Recommendation recommending the motions be denied. Doc. [56].

This Court's review of the Report and Recommendation is governed by 28 U.S.C. § 636 and Federal Rule of Criminal Procedure 59. The district court considers de novo any timely specific written objections to the magistrate judge's recommendation as to a dispositive matter. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Defendant filed objections to the Report and Recommendation. Doc. [57]. The Court has conducted a de novo review of the entire record including the motions, the parties' briefing, and the transcript of the evidentiary hearing. *See* Docs. [31], [36], [46], [52], [55], [57], [60].

**DISCUSSION**

The issue before the Court is whether the warrantless search of the vehicle operated by Defendant that resulted in the seizure of a firearm and controlled substances was lawful. The Government argues the search was lawful on three grounds: (1) Defendant forfeited his expectation of privacy when he abandoned the vehicle and fled on foot; (2) there was probable cause to search the vehicle; and (3) the evidence would inevitably have been discovered when

the vehicle was inventoried and towed.  Docs. [36], [55].  In response, Defendant maintains that: (1) he did not give up his property interest in the car; (2) the alleged traffic infraction and his flight did not establish probable cause for the search; and (3) the Government failed to elicit sufficient evidence to prove the inevitable discovery exception to the warrant requirement. Docs. [52], [57].  Judge Dueker addressed each of the grounds in his Report and Recommendation.

After careful consideration, the Court adopts Judge Dueker's well-reasoned analysis of the Government's first justification for the warrantless search:  that Defendant forfeited his expectation of privacy when he abandoned the vehicle.  Defendant's objection that the Report and Recommendation addresses only the privacy interest related to abandonment of the vehicle and not whether he gave up his property interest is overruled.  *See* Doc. [57] at 2-3.  As Defendant himself concedes, Judge Dueker's "approach is consistent with how the Eighth Circuit has handled abandonment to date," and "the weight of authority is against" Defendant's objection.  *Id.* at 2, 3.  Because binding precedent dictates that the search was lawful based on Defendant's abandonment of the vehicle, the Court does not reach the Government's other justifications for the warrantless search or Defendant's objections thereto.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Objections to the Report and Recommendation, Doc. [57], are **OVERRULED** as set forth herein.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Joseph S. Dueker, Doc. [56], is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein, to the extent set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence, Doc. [31], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Supplemental Motion to Suppress Evidence, Doc. [52], is **DENIED**.

**IT IS FINALLY ORDERED** that this case is set for trial on **January 21, 2025, at 9 a.m.** in the courtroom of the undersigned.

Dated this 27th day of December, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE